IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SETH D. HARRIS, )
Acting Secretary of Labor, United States )
Department of Labor )
) 3-13-0105
v. )
)
A.D. VALLETT & CO., LLC; AARON DONALD )
VALLETT; MEPHISTO 401(K) PROFIT )
SHARING PLAN; WILEY GROUP, INC. 401(K) )
PROFIT SHARING PLAN AND TRUST; )
SOUTHEASTERN BUILDING CORPORATION )
401(K) PROFIT SHARING PLAN AND TRUST; )
TIMOTHY E. MCNUTT, SR. D.D.S. 401(K) )
PROFIT PLAN AND TRUST; PROJECT )
C.A.M.P. 401(K) PROFIT SHARING PLAN )
AND TRUST; and HENRY E. HILDEBRAND, III )

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By order entered July 2, 2013 (Docket Entry No. 34), the plaintiff's motion for summary judgment (Docket Entry No. 21) was referred to the Magistrate Judge for Report and Recommendation.

## I. BACKGROUND

The plaintiff, Seth D. Harris, Acting Secretary of Labor,[1] brings this action against defendant Aaron Donald Vallett and his company A.D. Vallett & Co., LLC,[2] asserting that defendant Vallett

---

[1] Hilda L. Solis, the former Secretary of Labor, was named in the complaint, but, upon her resignation, Seth D. Harris was automatically substituted as the plaintiff in accord with Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Defendant Vallett is proceeding pro se in this action. No appearance has been made on behalf of defendant A.D. Vallett & Co., LLC. Therefore, all references hereafter to "defendant" shall refer only to defendant Aaron Donald Vallett.

breached his fiduciary duty and violated the Employee Retirement Insurance Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), by making unauthorized distributions into his company's general operating account from five ERISA retirement plans for which he served as administrator. Also sued as indispensable parties under Rule 19(a) of the Federal Rules of Civil Procedure were the five (5) ERISA plans from which the defendant took unauthorized distributions, and Henry E. Hildebrand, III, who was appointed receiver over the defendant and his company by this Court in the case of Securities and Exch. Comm'n v. Vallett, 3-10-0551 ("SEC case"). The plaintiff's claims against Hildebrand were dismissed in this case by order entered June 7, 2013 (Docket Entry No. 29).

In the complaint in this case, the plaintiff seeks to permanently enjoin defendants Vallett and his company from serving as a fiduciary or other representative of any employee benefit plan and from engaging in any further ERISA violations, and to restore to the plans all losses "including lost earnings and interest," that occurred as the result of the breaches of the defendant's fiduciary obligations.

The defendant's assets were frozen in the SEC case and the Receiver filed a claim against the Federal Insurance Co., which repaid the ERISA accounts $888,237.69, the full amount of the unauthorized distributions. The defendant was charged in this District in an indictment in the case of United States of America v. Vallett, 3-12-00027, with 16 counts of mail fraud, wire fraud and theft from ERISA plans. The defendant pled guilty to all 16 counts and was sentenced in October of 2012, to 120 months in custody. He is currently serving his sentence at USP McCreary in Pine Knot, Kentucky.

The defendant filed an answer (Docket Entry No. 16), admitting all allegations, except he pointed out an error in the plaintiff's complaint. In response to the plaintiff's prayers for relief, the defendant asserts, inter alia, that all of his assets and the assets of his company were frozen and transferred to the Receiver, that his estate has been "fully liquidated," and that he has no assets and is "entirely indigent."

The plaintiff promptly corrected the error and filed an amended complaint (Docket Entry No. 20), which was, in all respects, identical to the original complaint except for the correction that the defendant had pointed out. The defendant did not file a response to the amended complaint.

In his motion for summary judgment, the plaintiff seeks an award against the defendant for lost earnings and interest "which occurred during the approximately nineteen months" the Plans were deprived of the use of the funds. Docket Entry No. 21, at 2. The plaintiff specifically sought an award of $59,410.75, comprising lost earnings and interest through May 31, 2013. In addition, the plaintiff sought injunctive relief against defendant Vallett as requested in the complaint. In support of his motion, the plaintiff filed a statement of undisputed material facts in compliance with Local Rule 56.01(b) (Docket Entry No. 21-1), and the affidavit of David Ritter, an employee of the Employee Benefits Security Administration ("EBSA") of the United States Department of Labor, who explained the methodology for arriving at the figure of $59,410.75. See Docket Entry No. 21-2.

In response, the defendant did not specifically challenge the plaintiff's calculations, except for the amount attributable to the Mephisto Inc. 401(k) Profit Sharing Plan ("Mephisto Plan") because he indicated that funds taken from those Plans were returned "plus earned interest." Docket Entry Nos. 32-33. In his response to the plaintiff's statement of material undisputed facts, the defendant acknowledged that all facts were undisputed except that Hildebrand was no longer the receiver in the SEC case and that the funds taken from the Mephisto Plan were returned with interest. Docket Entry No. 33. However, the defendant "disputes his liability to the Plans for lost opportunity costs" as a matter of law, while at the same time recognizing that it is in the Court's discretion to award prejudgment interest. Docket Entry No. 32.

The plaintiff points out in his reply (Docket Entry No. 38) that the defendant did not support his denial of the plaintiff's asserted fact no. 23(5), see Docket Entry No. 21-1 at 7, by reference to any portion of the record. However, in his reply, the plaintiff withdrew his request for lost earnings and interest owed to the Mephisto Plan.

As a result, there are no contested facts related to the plaintiff's motion for summary judgment.

## II.  SUMMARY JUDGMENT[3]

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgement as a matter of law."  In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor.  Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party.  Matshushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985).  Although the moving party has the burden of showing that no genuine issue of material fact exists, the non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claim and establishing the existence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment.  The disputed facts must be material.  They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine.  The facts must be such that, if they were proven at trial, a

---

[3] The Court notes that the plaintiff's explication of the legal standard for summary judgment was cited verbatim without attribution from Solis v. Seibert, 2011 WL 398023, *3 (M.D. Fla. Feb. 4, 2011), which explains the citations to case law from the Eleventh Circuit Court of Appeals.

reasonable jury could return a verdict for the non-moving party. Id. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

### III. DISCUSSION

The plaintiff's having withdrawn from consideration the only potentially contested factual issue, there is no genuine issue of material fact. Although he disputes his liability for lost earnings, the defendant provides no contrary case law or authority to support his position. Docket Entry No. 32. The defendant does not challenge the injunctive relief sought by the plaintiff.

The Court finds that it is appropriate to award lost earnings and pre-judgment interest. While an award of pre-judgment interest is discretionary, Caffey v. Unum Life Ins. Co., 302 F.3d 576, 585 (6th Cir. 2002); Tiemeyer v. Community Mut. Ins. Co., 8 F.3d 1094, 1102 (6th Cir. 1993), the defendant has not provided any reason why the Court should not exercise its discretion in making such an award nor are there any mitigating factors that would suggest that the Court refrain from such exercise.[4] Cf. Chao v. Kropf, 2007 WL 2025779 (6th Cir. July 9, 2007) (court exercised its discretion and declined to award lost opportunity costs in the form of prejudgment interest).

The Court further finds that the plaintiff's methodology for calculating the lost earnings and interest is appropriate. See Solis v. Sonora Envtl., LLC, 2012 WL 5269211 (D. Ariz. Oct. 24, 2012). Specifically, the plaintiff explains that he applied the "IRC rate," which is the underpayment rate from 26 U.S.C. § 6621(a)(2), to the $630,000.00 and $258,237.69 that the defendant took from the plans on December 22, 2009, and January 20, 2010, respectively, to July 22, 2011, when the funds

---

[4] In his answer (Docket Entry No. 16), the defendant asked the Court to consider that all of his assets had been frozen, that his estate had been liquidated, that he has no assets of value, and that he is "entirely indigent." In addition, the defendant referred to the fact that he is serving a ten year sentence and that, before the plaintiff filed this lawsuit, the parties had initial settlement discussions. None of those circumstances provides sufficient basis to refrain from entering judgment against the defendant in this case.

were repaid. Docket Entry No. 21, at 6. Then the plaintiff applied the IRC rate on the lost earnings from July 22, 2011, when the funds were repaid, to May 31, 2013, "a hypothetical repayment date." Id.; Docket Entry No. 21-2, at 3, ¶ 3. The Court also finds persuasive the plaintiff's argument that the application of the IRC rate promotes good public policy since repayments are calculated in that manner when made in the Voluntary Fiduciary Correction Program ("VFCP"), which is administered by the EBSA. It would be unfair to enter judgments against fiduciaries who have blatantly violated ERISA on a more favorable basis than fiduciaries who voluntarily make repayment pursuant to the VFCP.

The plaintiff also seeks post-judgment interest "pursuant to 26 U.S.C. § 6621." Docket Entry No. 21, at 7. However, section 6621 does not address post-judgment interest. The plaintiff cites the case of Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1031 (4th Cir. 1993), for the proposition that post-judgment interest in ERISA cases should be awarded from the date of entry of the judgment. That case does not stand for the proposition that the interest rate in ERISA cases is to be determined by 26 U.S.C. § 6621. Rather, the Quesinberry Court found that post-judgment interest should be awarded and determined as provided in 28 U.S.C. § 1961. That ruling is hardly surprising inasmuch as section 1961(a) specifically provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." (Emphasis added.) Indeed, the Court of Appeals for the Sixth Circuit has specifically found that a district court is required to award post judgment interest under 28 U.S.C. § 1961, and that the post judgment interest should be calculated on a judgment that includes pre-judgment interest. Caffey, 302 F.3d at 586.

The plaintiff also seeks injunctive relief to which the defendant raises no opposition. ERISA permits entry of the injunctive relief sought by the plaintiff, including enjoining defendant Vallett from serving as an ERISA fiduciary and from violating ERISA in the future. See, e.g., Reich v. Lancaster, 55 F.3d 1034, 1054 (5th Cir. 1995); Beck v. Levering, 947 F.2d 639, 641 (2nd Cir. 1991),

6

cert. denied, 504 U.S. 909, 112 S.Ct. 1937, 118 L.Ed.2d 544 (1992); Solis v. Sonora, supra, at *6.[5] See also 29 U.S.C. § 1109(a) (court may impose "equitable or remedial relief" as deemed appropriate).

## RECOMMENDATION

For the reasons set forth above, it is respectfully recommended that:

1. The plaintiff's motion for summary judgment (Docket Entry No. 21) be GRANTED;

2. The plaintiff be awarded $58,236.24 in lost earnings and pre-judgment interest;

3. Post-judgment interest be calculated in accord with 28 U.S.C. § 1961 from the date of entry of judgment in this case; and

4. The defendant be permanently enjoined as follows:

    a. Defendant Aaron Donald Vallett be permanently enjoined from serving as a fiduciary and from engaging in any violation of ERISA in the future; and

    b. Defendant Aaron Donald Vallet be permanently enjoined from providing any services, whether as a fiduciary or otherwise, directly or indirectly to any ERISA-covered plan.

Respectfully Submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[5] The plaintiff points out that the Sixth Circuit had not addressed whether it is appropriate to enter permanent injunctions against an ERISA fiduciary under the circumstances presented in this case.